IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN WILD HORSE CAMPAIGN, <br> 216 F St., #131 <br> Davis, CA 95616 <br><br> Plaintiff, <br> v. <br><br> BUREAU OF LAND MANAGEMENT <br> 1849 C Street NW <br> Washington, DC 20240 <br><br> Defendant. | Case No.: 23-1286 <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1. Plaintiff American Wild Horse Campaign ("AWHC") brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, by Defendant Bureau of Land Management (hereinafter "BLM") in failing to issue a determination in response to a written request for records by AWHC, by failing to conduct an adequate search for responsive records, and failing to provide AWHC with all non-exempt records responsive to its September 20, 2022, FOIA Request submitted to this federal agency, seeking records that related to returns, relinquishments and repossessions of wild horses and burros by BLM after adoption. This lawsuit requests an order declaring that Defendant has violated FOIA and enjoining Defendant to issue a final determination and provide Plaintiff with the records it has requested.

1

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action, including the power "to enjoin [agencies] from withholding agency records and to order the production of any agency records improperly withheld from the complainant" pursuant to 5 U.S.C. § 552(a)(4)(B).

3. This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his duty).

4. Venue in this Court is proper under 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in this district.

5. Venue is also appropriate under 28 U.S.C. § 1391 because Defendant is an agency of the United States with offices located in Washington, D.C.

6. The Court has statutory authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has statutory authority to grant injunctive relief pursuant to 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B). The Court retains its full equitable powers to fashion and impose effective remedies for agency FOIA violations.

7. The Court has statutory authority to award costs and attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

8. All claims made in this Complaint are ripe for judicial review and all FOIA violations and harms alleged in this Complaint can be remedied by an order of this Court.

## PARTIES

9. Plaintiff, American Wild Horse Campaign, is a non-profit organization that, at all times relevant herein, has been headquartered in Davis, California.

10. Defendant Bureau of Land Management is federal agency within the United

States Department of the Interior, and as such, is an agency subject to the FOIA, pursuant to 5 U.S.C. § 552(f). Defendant is in possession and control of the records that Plaintiff seeks and so is subject to FOIA pursuant to 5 U.S.C. § 552(f). Defendant is responsible for fulfilling Plaintiff's FOIA request to it.

11. Plaintiff regularly submits public records requests to obtain information about management of wild horses and burros on public lands to analyze public land management activities. Plaintiff uses this information to educate the public. Plaintiffs derive benefits from agencies' compliance with FOIA and from its receipt of public records. The interests and organizational purposes of Plaintiff are directly and irreparably injured by Defendant's violations of law as described in this complaint. Defendant's violations of law have denied Plaintiff the information to which it is entitled, thereby preventing Plaintiff from fulfilling its organizational mission and objectives, including from ensuring compliance with applicable statutes and regulations, as well as meaningfully engaging its members, supporters, and the general public regarding management of wild horses and burros on public lands. Defendant has further injured Plaintiff by the deprivation of government information to which Plaintiff is entitled by law.

## STATUTORY FRAMEWORK

12. FOIA's fundamental purpose is to ensure governmental transparency by establishing the public's right to access federal agency records and imposing firm deadlines for releasing records in response to FOIA requests. 5 U.S.C. §§ 552(a)(3)(A), (6)(A).

13. Upon receipt of a request, FOIA requires agencies to issue a "determination" within 20 workdays, absent unusual circumstances, and to make requested records "promptly available" thereafter. 5 U.S.C. §§ 552(a)(3)(A), (a)(6)(A)(i), (a)(6)(B).

14. Failure to provide a timely determination in response to a FOIA request is a

violation of FOIA.

15. FOIA also requires agencies to provide "an estimated date on which the agency will complete action on the request" for requests that require "longer than ten days to process." 5 U.S.C. § 552(a)(7).

16. FOIA requires federal agencies to conduct a search reasonably calculated to uncover all relevant documents. An agency must consider leads and other positive indications that suggest other records might be located outside the scope of its original search.

17. In limited circumstances, responsive records may be deemed exempt from FOIA's broad disclosure mandate, but only where the information fits within nine categories of statutory exemptions. 5 U.S.C. § 552(b). Exemptions are narrowly construed in light of FOIA's prevailing objective of disclosure.

18. Under FOIA, federal agencies bear the burden of proving that withholding of responsive records is proper. 5 U.S.C. § 552(a)(4)(B).

19. FOIA also requires an agency to make a showing of foreseeable harm that connects the information in withheld records to a harm recognized by the purposes of the specific Exemption. 5 U.S.C. § 552(a)(8)(A)(i)(I).

20. FOIA requires that agencies release reasonably segregable portions of requested records that are not lawfully exempt. 5 U.S.C. § 552(b)(9).

21. FOIA provides that when a requestor has not been provided with records within the statutory timeframe, the agency has constructively denied the request. Requestors are deemed to have exhausted any administrative remedies and may seek judicial redress from the Federal District Court to enjoin the agency from withholding the records and order production of agency records improperly withheld. 5 U.S.C. § 552(a)(6)(C)(i). A FOIA requester may seek injunctive

and declaratory relief from the court for an agency's continued withholding of public records. 5 U.S.C. § 552(a)(4)(B).

22. Pursuant to FOIA, this court may assess attorney fees and litigation costs against the Unite States of the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

23. In addition to the enumerated statutory remedies, the Court retains all inherent and equitable powers to remedy an agency's failure to comply with FOIA's mandate that, with some exceptions, "upon any request for records [agencies] shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

## FACTUAL ALLEGATIONS

24. On or about September 20, 2022, Plaintiff American Wild Horse Campaign ("AWHC") sent a FOIA request ("September 20, 2022 FOIA Request") to the Bureau of Land Management (BLM), seeking

   1) All records of wild horses or wild burrows, that discuss or describe any returns to, or any relinquishments to, or any repossession by, the BLM, after the BLM had previously adopted out these wild horses or burros to members of the public.

   2) All records that discuss or describe the current location, or death, of all wild horses or wild burros that have been returned to, or repossessed by, or relinquished to, the BLM.

25. Plaintiff requested that Defendant implement a timeframe for the search of January 1, 2021, to September 19, 2022.

26. Plaintiff received automatic confirmation, via FOIAonline.gov, of receipt of the FOIA Request on the same day of submission, with a tracking number of DOI-BLM-2022-006249 (the "FOIA Request").

27. On Saturday October 29, 2022, Plaintiff sent a follow up email to the BLM

5

requesting that the BLM reduce the scope of the FOIA Request as follows:

1) All records in the BLM's Wild Horse & Burro Program System (WHBPS) database that discuss or describe all relinquishments to, or all repossession by, the BLM, after the BLM had previously adopted out these wild horses or burros to members of the public.

2) All records in the BLM's Wild Horse & Burro Programs System (WHBPS) database that discuss or describe the current location, or death, of all wild horses and wild burros that have been repossessed by, or relinquished to, the BLM.

28. On October 30, 2022, AWHC sent an email to the BLM requesting an estimated date of completion for the FOIA Request.

29. On October 31, 2022, AWHC emailed the BLM to provide a new mailing address and confirming that the email address for Plaintiff remained the same.

30. On December 20, 2022, AWHC sent a second request for an estimated date of completion for the FOIA Request to the BLM.

31. On January 20, 2023, AWHC sent a third request for an estimated date of completion for the FOIA Request to the BLM.

32. On February 20, 2023, AWHC sent a fourth request for an estimated date of completion for the FOIA Request to the BLM.

33. On March 20, 2023, AWHC sent a fifth request for an estimated date of completion for the FOIA Request to the BLM.

34. Plaintiff did not receive a response from the BLM to any of the five requests it made for an estimated date of completion for the FOIA Request.

35. As of the date of this filing, Plaintiff has received no other correspondence from the BLM related to the FOIA Request.

36. As of the date of the filing of this action, the BLM has not provided an estimated

date of completion for the FOIA Request.

37. As of the date of the filing of this action, the BLM has not provided a fee waiver disposition for the FOIA Request.

38. As of the date of the filing of this action, the BLM has not produced any responsive records for the FOIA Request.

39. The filing of this lawsuit is required to compel Defendant to promptly provide access to all records responsive to AWHC's September 20, 2022, FOIA Request.

## CLAIMS FOR RELIEF

40. AWHC realleges and reincorporates by reference all allegations in all paragraphs of this Complaint.

41. AWHC properly requested records within the possession, custody, and control of Defendant BLM.

42. Defendant BLM is an "agency" subject to FOIA (5 U.S.C. § 552(a)), and therefore must make reasonable efforts to search for requested records. 5 U.S.C. § 552(f)(1).

43. Defendant BLM has violated FOIA by failing to provide AWHC with all non-exempt responsive records and portions of responsive records for its April 24, 2022, FOIA Request.

44. By failing to provide AWHC with all non-exempt responsive records and portions of responsive records to its April 24, 2022, FOIA Request as described above, Defendant BLM has denied AWHC's right to this information as provided by the Freedom of Information Act.

45. Defendant BLM has violated FOIA by failing to perform an adequate search reasonably calculated to located all responsive records to AWHC's September 20, 2022 FOIA Request.

46. By failing to perform an adequate search reasonably calculated to locate all responsive records to AWHC's FOIA Request, Defendant BLM has denied AWHC's right to this information as provided by the Freedom of Information Act.

47. Defendant BLM continues to violate FOIA and unlawfully withhold records by not making responsive records promptly available to Plaintiff. 5 U.S.C. § 552(a).

48. Defendant BLM continues to violate FOIA by failing to release segregable nonexempt portions of agency records. 5 U.S.C. § 552(a)(8)(A), (b).

49. Unless enjoined by this Court, Defendant BLM will continue to violate AWHC's legal rights to be provided with copies of the records which it has requested in its FOIA Request described above.

50. AWHC has been required to expend costs and obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants to prosecute this action.

51. AWHC is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for AWHC, providing the following relief:

1. Declare Defendant BLM has violated FOIA by failing to provide AWHC with all non-exempt records and portions of records responsive to its September 20, 2022, FOIA Request.

2. Declare Defendant BLM has violated FOIA by failing to complete an adequate search for records responsive to AWHC's September 20, 2022, FOIA Request.

3. Direct by injunction that Defendant BLM perform an adequate search for records responsive to its FOIA Request and provide AWHC with all non-exempt responsive records to AWHC's September 20, 2022, FOIA Request.

4. Grant AWHC's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

5. Provide such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 5th day of May, 2023.

    /s/Maya Kane
SOUTHWEST WATER AND PROPERTY LAW LLC,
D. D.C. Bar # CO0089
10 Town Square, No. 422
Durango, CO 81301
(970) 946-5419
mkane@swpropertylaw.com

*Attorney for Plaintiff*